UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-24242-BLOOM/Otazo-Reyes

MISLEYDIS MORELL JIMENEZ,

    Plaintiff,

v.

HOLIDAY CVS, LLC,
*a Florida Corporation*

    Defendant.
_____/

**ORDER ON MOTION TO DISMISS**

    **THIS CAUSE** is before the Court upon Defendant L'Oréal USA Inc.'s ("L'Oréal") Motion to Dismiss Plaintiff's Complaint, ECF No. [30] ("Motion"). Plaintiff Misleydis Morell Jimenez filed a Response in Opposition, ECF No. [31], to which Defendant filed a Reply, ECF No. [32]. The Court has reviewed the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

    **I.  BACKGROUND**

    The above captioned case was removed to this Court from the Eleventh Judicial Circuit in and for Miami-Dade County, Florida on December 29, 2022. The Complaint has since been amended twice; most recently on March 28, 2023, to add L'Oréal USA, Inc. as a Defendant. *See* ECF Nos. [6], [22]. In the operative Second Amended Complaint ("SAC"), Plaintiff alleges that she purchased a L'Oréal Infallible Pro-Glow cosmetic product (the "Product") at Holiday CVS, LLC ("CVS"). ECF No. [22] ¶¶ 7-8. Plaintiff further alleges that the Product was expired at the time of purchase and that Defendants CVS and L'Oréal did not warn that the Product can cause

skin damage. *Id*. ¶¶ 14-15. Plaintiff applied the Product to her face as customary and claims that soon thereafter she discovered dark spots on her face and was later treated for hyper pigmentation in multiple areas on her face. *Id*. ¶¶ 9, 12. In the SAC Plaintiff asserts one count of negligence against Defendant CVS for failing to properly inspect products displayed for sale and selling the expired Product to her (Count I), one count of strict product liability for failure to warn against CVS for failure to adequately warn of the potential harm, risk, side effect, and/or allergic reaction that the Product caused her (Count II), and one count of strict product liability for failure to warn against L'Oréal for failure to adequately warn of the potential harm, risk, side effect, and/or allergic reaction that the Product caused her (Count III). *See generally id*.

On May 24, 2023, L'Oréal filed the instant Motion to Dismiss in which it argues that Count III should be dismissed because (1) Plaintiff fails to allege that the warning on L'Oréal's Product was inadequate; (2) Plaintiff fails to adequately allege proximate causation; and (3) L'Oréal cannot be held strictly liable for injuries resulting from the use of an expired product under Florida law. *See generally* ECF No. [30]. Plaintiff responds that (1) the SAC contains sufficient allegations that L'Oréal's Product did not have a warning that it can cause skin damage; (2) the SAC sufficiently alleges that L'Oréal's failure to warn was a proximate cause of Plaintiff's injuries; and (3) the allegations are sufficient to demonstrate that Plaintiff applied L'Oréal's Product to her face as the product is intended to be used. ECF No. [31].

## II.  LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

(citations omitted); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). When a defendant moves to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the court must accept the plaintiff's allegations as true and evaluate all possible inferences derived from those facts in favor of the plaintiff. *See Am. Marine Tech, Inc. v. World Grp. Yachting, Inc.*, 418 F. Supp. 3d 1075, 1079 (S.D. Fla. 2019).

## III. DISCUSSION

As noted, L'Oréal argues that the Court should dismiss Count III, the strict liability failure to warn claim against L'Oréal, with prejudice because (1) the Complaint does not include allegations that the warning on L'Oréal's Product was inadequate; (2) proximate causation is not adequately pled; and (3) L'Oréal cannot be held strictly liable for injuries resulting from the unintended use of its Product. *See generally* ECF No. [30]. Plaintiff responds that (1) she sufficiently alleged that L'Oréal's Product did not warn that it can cause skin damage; (2) the SAC sufficiently alleges that L'Oréal's failure to warn proximately caused her injuries; and (3) she sufficiently alleged that Plaintiff applied L'Oréal's Product to her face as the Product is intended to be used. ECF No. [31].

### A. Adequacy of Warning

First, L'Oréal argues that Plaintiff failed to allege that L'Oréal's Product contained an inadequate warning. ECF No. [30] at 8-10. Plaintiff responds that L'Oréal "failed to provide any warning regarding the danger of applying an expired cosmetic product." ECF No. [31] at 3.

"To establish strict liability for *failure to warn* under Florida law, the plaintiff must establish that the defendant (a) is a manufacturer or distributor of the product at issue, and (b) did not adequately warn of a particular risk that was known or knowable in light of the generally recognized and prevailing best scientific and medical knowledge available at the time of the manufacture and distribution." *Witt v. Stryker Corp. of Michigan*, 648 F. App'x 867, 871 (11th Cir. 2016).

L'Oréal cites multiple cases from this Circuit in support of its argument that Plaintiff was required to plead the contents of the warning provided or how the information provided was inadequate. In *Bailey v. Janssen Pharmaceutica, Inc.*, the Eleventh Circuit upheld the district court's dismissal of a strict liability claim for failure to warn where the complaint did not "recite the contents of the warning label or the information available to [the physician] or otherwise describe the manner in which the warning was inadequate." 288 F. App'x 597, 609 (11th Cir. 2008). Moreover, in *Witt*, the Eleventh Circuit also found allegations insufficient to state a claim for failure to warn where the plaintiff "failed to allege a plausible set of facts" leaving the court with only "the bald allegation, asserted at the highest order of generality and unsupported by any factual claims." 648 F. App'x at 871.

Similar to the allegations in *Bailey* and *Witt*, Plaintiff alleges that L'Oréal failed to provide reasonable instructions or warnings of the potential harm, risk, side effect, and or allergic reaction that caused discoloration and damage to Plaintiff's face. ECF No. [22] ¶¶ 33, 36. Plaintiff asserts that her "allegations make it abundantly clear that Plaintiff is alleging that L'Oreal USA Inc.'s cosmetic product did not provide any warning that its expired product will cause damage to the skin it is applied on." ECF No. [31] ¶ 14. However, Plaintiff fails to allege what the instructions or warning that did accompany L'Oréal's Product, nor does Plaintiff otherwise explain how the

information provided was inadequate. Accordingly, the Court finds that Count III is not supported by sufficient factual allegations regarding the inadequacy of any warning.

### B. Proximate Causation

L'Oréal next argues that "Plaintiff's failure to allege that she read the product label and/or packaging warrants the dismissal of the Second Amended Complaint against L'Oréal." ECF No. [30] at 10. Plaintiff responds that the SAC "sufficiently alleges that Defendant L'Oréal's failure to warn was a proximate cause of Plaintiff's skin discoloration and resulting injuries." ECF No. [31] ¶ 21.

L'Oréal cites the Eleventh Circuit's statement of Florida law that "where the person to whom the manufacturer owed a duty to warn ... has not read the label, an inadequate warning cannot be the proximate cause of the plaintiff's injuries." *Leoncio v. Louisville Ladder, Inc.*, 601 F. App'x 932, 933 (11th Cir. 2015) (alteration adopted) (quotation marks and citation omitted). Although that case was at the summary judgment stage, other district courts in this circuit have similarly interpreted Florida law at the motion to dismiss stage. *See Dero Roofing, LLC v. Triton, Inc.*, No. 21-CV-688, 2022 WL 14636884, at *2 (M.D. Fla. Oct. 25, 2022) ("Because it does not allege all the warnings were read, it is impossible to conclude Defendants breached a duty to warn.").

L'Oréal is correct that the SAC contains no allegations that Plaintiff read the label on the Product. *See* ECF No. [22]. Plaintiff's Response summarizes allegations in the SAC that allege that the failure to adequately warn led to Plaintiff's damages, but Plaintiff does not refute that she did not include any allegation that she read the label or sufficient facts regarding the actual content of any label or warning on L'Oréal's Product. As such, the allegations in Count III are insufficient to support a claim for products liability under a failure to warn theory.

5

### C. Intended Use

Finally, L'Oréal argues that it cannot be held strictly liable for injuries resulting from the use of an expired product under Florida law. ECF No. [30] at 11. Plaintiff responds that "the failure to warn that its expired product becomes unreasonably dangerous and defective if applied to the skin as intended" caused her injuries. ECF No. [31] ¶ 27.

Florida law instructs that strict liability is limited to injuries arising from the intended use of a product. *See Jennings v. BIC Corp.*, 181 F.3d 1250, 1256 (11th Cir. 1999) ("A manufacturer is not strictly liable for all injuries caused by its product, however it is used. On the contrary, a manufacturer is liable only when the product is used as intended." (citing *High v. Westinghouse Elec. Corp.*, 610 So.2d 1259, 1262 (Fla.1992)). L'Oréal argues that "[u]se of a product after it was allegedly expired is not its intended use." ECF No. [30] at 12-13. L'Oréal supplies no authority in support of that proposition. *See id*.

"On a Rule 12(b)(6) motion to dismiss, '[t]he moving party bears the burden to show that the complaint should be dismissed.'" *Sprint Sols., Inc. v. Fils-Amie*, 44 F. Supp. 3d 1224, 1228 (S.D. Fla. 2014) (quoting *Mendez-Arriola v. White Wilson Med. Ctr. PA*, No. 09-495, 2010 WL 3385356, at *3 (N.D. Fla. Aug. 25, 2010)). "The movant must support its arguments for dismissal with citations to legal authority." *Id*. (citing S.D. Fla. L.R. 7.1(a)(1)). "Where a defendant seeking dismissal of a complaint under Rule 12(b)(6) does not provide legal authority in support of its arguments, it has failed to satisfy its burden of establishing its entitlement to dismissal." *Id*. (citing *Super. Energy Servs., LLC v. Boconco, Inc.*, No. 09-0321, 2010 WL 1267173, at *5-6 (S.D. Ala. Mar. 26, 2010) and *United States v. Vernon*, 108 F.R.D. 741, 742 (S.D. Fla. 1986)). Because L'Oréal did not supply authority to support its argument that a product is not used as intended after its expiration date, it has not met its burden of demonstrating that dismissal is warranted on this ground.

6

### D. Leave to Amend

L'Oréal argues that dismissal of the SAC should be with prejudice because amendment would be futile where the factual allegations are that the Product was used when *expired* and not as intended. ECF No. [30] at 14. Plaintiff requests leave to amend if the Court determines that further factual allegations are necessary. Dismissal is appropriate because the allegations that the Product was expired is insufficient. However, the Court is not convinced that amendment would be "futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004). Accordingly, Count III is dismissed with leave to amend.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. L'Oréal's Motion, **ECF No. [30]**, is **GRANTED**.

2. Count III is **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiff shall file a Third Amended Complaint, if any, **on or before July 10, 2023**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 29, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record